1
2
3
4
5
6                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8  _____
                                           )
9  DIRECTV, INC.,                          )
                                           )   Case No. C03-5662 FDB (RSL)
10                         Plaintiff,      )
            v.                             )
11                                         )   ORDER DENYING MOTION TO
   ANDREW PHIPPS, *et al.*,                )   SET ASIDE DEFAULT JUDGMENT
12                                         )   AGAINST WINFIELD EZELL, JR.
                           Defendants.     )
13 _____)

14
            THIS MATTER comes before the Court on defendant Winfield Ezell, Jr.'s letter
15
   request that the Court set aside the default judgment entered against him in the above-captioned
16
   matter.  Federal Rule of Civil Procedure 60(b) provides for relief from judgment in certain
17
   circumstances, including where defendant can show that the failure to respond in a timely
18
   manner was the result of "excusable neglect."  The Court is to consider three factors in
19
   determining whether a default judgment should be reopened: "(1) whether the plaintiff will be
20
   prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable
21
   conduct of the defendant led to the default."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).
22
   It is defendant's burden to show that all three factors favor vacating the judgment.  Cassidy v.
23
   Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).  See also TCI Group Life Ins. Plan v. Knoebber,
24
25
   ORDER DENYING MOTION TO SET ASIDE
26 DEFAULT JUDGMENT AGAINST
   DEFENDANT WINFIELD EZELL, JR.

244 F.3d 691, 696-97 (9th Cir. 2001).

Having reviewed the memoranda and declarations submitted by the parties, the Court finds as follows:

(1) There is no indication that plaintiff would suffer prejudice if this matter were reopened. More than six months ago, plaintiff came to the conclusion that the complaint in this matter needed to be amended because it was Mr. Ezell, not Ms. Steele, who purchased the offending devices and violated the Federal Communications Act of 1934 and other federal statutes. Plaintiff apparently did not make its settlement with Ms. Steele contingent on a recovery from Mr. Ezell and the decision to settle reflects little more than plaintiff's belief that it had originally sued the wrong person. Forcing plaintiff to prove its claims against Mr. Ezell does not constitute prejudice for purposes of vacating a default judgment. Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must litigate on the merits).

(2) In his letter requesting that the Court set aside the default judgment, defendant asserts that he has never received, or helped another person receive, illegal satellite signals, that he has never manufactured or modified equipment for such use, and that he has always been a paying subscriber to a satellite service. Those factual averments, if proven, could form the basis of a meritorious defense. Defendant has, therefore, satisfied the second Falk factor.

(3) The hardest issue in this case is determining whether defendant's admitted neglect was excusable or culpable. In TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001), the Ninth Circuit took a very broad view of "excusable neglect" under Fed. R. Civ. P. 60(b)(1). Neglect, defined as "giving little attention or respect to the filing deadline in light of other considerations," can be excused if defendant's explanation negates "any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate

ORDER DENYING MOTION TO SET ASIDE
DEFAULT JUDGMENT AGAINST
DEFENDANT WINFIELD EZELL, JR.

-2-

the legal process." 244 F.3d at 697-98 (internal quotation marks omitted).

Defendant received the complaint and summons in the above-captioned matter, attempted to find an attorney to represent him, was apparently in contact with plaintiff's counsel regarding the merits of the complaint, and received copies of both the motion for default and the motion for default judgment. In his letter, defendant acknowledges that he was aware that he had to respond to plaintiff's complaint, but asserts that his full-time job and his responsibilities as a parent made him lose track of time. Assuming, for the moment, that the "daily routine" of business and family could justify a failure to respond in a timely manner, defendant has not even attempted to explain why he did not respond when served with the motion for default or the motion for default judgment. Defendant's explanation does not identify any extraordinary circumstances that would have prevented him from responding at some point before judgment was entered: if defendant's failure to respond in these circumstances were excused, very few default judgments could ever be considered final. Given defendant's awareness of his obligations as a defendant in federal court, his claim that he was busy and forgot to respond until after the default and default judgment were entered does not negate an intent to interfere with or manipulate the judicial process. Defendant has not, therefore, satisfied the third Falk factor.

For all of the foregoing reasons, defendant Ezell's motion to set aside the judgment against him is DENIED.

DATED this 18th day of April, 2005.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO SET ASIDE
DEFAULT JUDGMENT AGAINST
DEFENDANT WINFIELD EZELL, JR.